UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOCAL NO. 33 SHEET METAL WORKERS YOUNGSTOWN DISTRICT COLLECTION AND ADMINISTRATION AGENCY, INC., | CASE NO. 4:08CV2903 |
| Plaintiffs, | JUDGE PETER C. ECONOMUS |
| | Magistrate Judge George J. Limbert |
| v. | |
| TRU-TEMP SALES AND SERVICE/ GRISWOLD REFRIGERATION, INC., | **REPORT AND RECOMMENDATION** |
| Defendants. | |

The instant matter came before the Court on Plaintiff Local No. 33 Sheet Metal Workers Youngstown District Collection and Administration Agency, Inc.'s ("Plaintiff") Motion for Default Judgment. ECF Dkt. #7. The undersigned previously ordered Defendant Tru-Temp Sales and Service/Griswold Refrigeration, Inc. ("Defendant") to appear and to produce all of Defendant's payroll records, including all fringe benefit reporting forms required by collective bargaining agreements between Defendant and the Sheet Metal Workers Local No. 33, Youngstown District, for the months of May through November 2008. ECF Dkt. #10.

On March 2, 2008, the undersigned conducted a hearing on the issue of damages, where Plaintiff appeared and was represented by Dennis Haines and Joseph Kondela. Defendant did not appear.

Plaintiff presented testimony from David Patton, the Collective Bargaining Representative for Plaintiff. Mr. Patton testified that he is responsible for collecting fringe benefits from employers. Mr. Patton testified that Plaintiff and Defendant entered into a Collective Bargaining Agreement ("Agreement") to cover the period from June 1, 2007 to May 31, 2012. Plaintiff's Ex. 2. Mr. Patton testified that the Agreement required Defendant to pay fringe benefits at a rate of $16.11 through May, 2008 and $16.88 from June, 2008 through the present time.

Plaintiff next called Timothy Myers, a principal of Compensation Programs of Ohio. Mr.

Myers testified that he is an administrator of employee benefits programs and advises the trustees when employers are delinquent on fringe benefit payments. Mr. Myers presented the Court with Exhibit 1, a spreadsheet listing Defendant's delinquent payments, which total $27, 905.76. Mr. Myers also testified that the Agreement provided for 10% liquidated damages, which total $2,790.57, for a total of $30,696.33 in damages.

Attorney Haines also petitioned the Court for Plaintiff's filing fee of $350 and attorneys' fees, which he certified to be 14.6 hours x $250.00, which equals $3,650.00. Given the nature of the instant case, the work performed by counsel, and the facts of this particular case, the undersigned finds the foregoing, rate and total fee to be reasonable. Accordingly, the undersigned recommends that the Court award court costs of $350 and attorneys' fees to Plaintiff in the amount of $3,650.00.

Pursuant to 29 U.S.C. § 1132(g) and based on the foregoing evidence, the undersigned RECOMMENDS that the Court GRANT Plaintiff's motion and enter default judgment, awarding Plaintiff the following damages: $30,696.33 under the terms of the Collective Bargaining Agreement; $350 filing fee; $3,650.00 attorneys' fees; and interest at the federal rate, to be calculated from the date that the Court enters final default judgment.

DATE March 3, 2009            /s/George J. Limbert
                              George J. Limbert
                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).